Dear Mr. Rodenbeck:
This office is in receipt of your opinion request of recent date in which you raise the following issue for our resolution:
 May the Parish Indigent Defender Board have as a board member a person who is a police officer and employee of the Alexandria Police Department or any other law enforcement agency?
Please note at the outset that, according to LSA-R.S.15:144(B), the power to select board members resides with the local bar association and with the district court judges, not with the board itself.
LSA-R.S. 15:144(B) provides:
 § 144 Judicial district indigent defenderboard
 B. Each district board shall be composed of no less than three nor more than seven members as determined by the district court. Board members shall be selected by the district court (in Orleans Parish, the criminal district court) from nominees provided by each bar association within the judicial district. In the event no nominations are submitted by the bar association within a judicial district, a majority of the district court judges shall select a board member. Each parish within the judicial district shall have a representative on the board. The board shall select a chairman from its members. Elected officials, district attorneys, their employees, including assistant district attorneys, or prosecutors in any court shall not be permitted to serve on the district board.
It would at first glance appear that a law enforcement officer may serve on the board.
However, we find controlling LSA-R.S. 42:61, etseq. and the law pertaining to Dual Officeholding and Dual Employment in Louisiana the general policy is set forth as follows in LSA-R.S. 42:61:
Declaration of policy
 A. It is essential to the maintenance of a democratic society that public officials and employees perform the public business in a manner which serves to promote and maintain in the general citizenry a high level of confidence and trust in public officials, public employees, and governmental decisions. The attainment of this end is impaired when a public official or employee holds two or more public offices or public jobs which by their particular nature conflict with the duties and interests of each other. The attainment of a high level of confidence and trust by the general citizenry in public officials, employees, and governmental decisions is further impaired by the excessive accumulation of governmental power which may result from public officials or employees holding two or more public offices or public jobs. (Emphasis added).
 B. It is the purpose of this Part to implement a policy which will serve to maintain a high level of trust and confidence by the general citizenry in public officials, employees, and governmental decisions of the government of this state and of its political subdivisions by defining and regulating dual employment and by defining, regulating, and prohibiting dual officeholding.
Here it is important to note that the placement of a law enforcement officer on the indigent defender board would constitute a conflict under LSA-R.S. 42:61. Law enforcement officers work to find and ultimately help convict criminals. It would pose a conflict of interest to require such a person to take part in the defense of a suspect, possibly causing the destruction of his own work. The other obvious danger is that the officer would, in general, be biased and therefore unable to provide assistance to the indigent.
Further support for this argument is found in LSA-R.S. 42:64
concerning incompatible offices:
 C. No other combination of offices or employments shall be deemed to be incompatible unless the powers, functions, or duties are found to be adverse to the public interest as set forth in Section 61 of this Part. (Emphasis added).
We conclude that the statutes quoted above preclude a police officer from simultaneously serving as a member of the indigent defender board.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Received:
Date Released: